Filed 1/30/15  P. v. Ortiz CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B256479 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA084327) |
| v. | |
| JAIME MIGUEL ORTIZ, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant and appellant Jaime Miguel Ortiz (defendant) appeals his conviction relating to his attack of a transit employee.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On November 14, 2014, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

Defendant was charged with two felonies and a misdemeanor, as follows:  assault with a deadly weapon upon transportation personnel by means likely to produce great bodily injury in violation of Penal Code section 245.2 (count 1);[1] battery with injury

---

[*]       ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

[1]       All further statutory references are to the Penal Code, unless otherwise indicated.

upon transit personnel, in violation of section 243.3 (count 2); and resisting arrest, in violation of 148, subdivision (a)(1) (count 3). The information further alleged as to counts 1 and 2 that during the commission of the crimes, defendant personally inflicted great bodily injury on the victim within the meaning of section 12022.7, and that defendant had suffered a prior serious or violent felony conviction within the meaning the "Three Strikes" law, sections 1170.12, subdivisions (a) through (d), and 667, subdivisions (b) through (j).

Defendant waived his right to a jury and proceeded to a bench trial. The evidence showed that defendant was riding a Metro train when the shift ended for train operator Mario Martinez (Martinez), who asked the passengers to transfer to a different train. Defendant was the last remaining passenger on the original train when he attacked Martinez. Defendant punched and then pushed Martinez to the floor where defendant continued to punch Martinez as he went in and out of consciousness. After Martinez managed to escape and summon help, several law enforcement officers struggled to restrain and arrest defendant, who flailed violently until officers used a taser on him twice. Martinez suffered minor orbital fractures, a concussion, and a laceration requiring four stitches. He was left with lasting pain, fear for his safety, nightmares, suicidal feelings, headaches, and difficulty sleeping.

Defendant spent nearly three weeks in the hospital on a psychiatric hold. During that stay defendant tested positive for cocaine, methamphetamine, PCP, and marijuana. He was diagnosed with a drug-induced psychotic disorder. Defendant's psychiatric expert, Gordon Plotkin, who interviewed defendant and reviewed his documented history of methamphetamine use and preexisting mental illness, opined that defendant suffered from a mental illness with symptoms of psychosis such as mild hallucinations, mild paranoia, and unstable moods. Defendant told Dr. Plotkin that he thought he was being assaulted by the victim. Defendant admitted to past methamphetamine use and to having smoked a PCP-laced cigarette the day of the attack, but claimed that someone had put it there without his knowledge. Dr. Plotkin explained that defendant's prolonged resistance

2

to arrest requiring a second taser application was consistent with PCP and methamphetamine use.

Defendant's expert in emergency medicine, physician Ryan O'Connor, reviewed Martinez's emergency room records, and testified that the orbital fracture and laceration were minor and that Martinez showed no symptoms of a concussion, such as weakness, blurred vision, trouble sleeping, nausea, lightheadedness, and trouble concentrating, while he was in the emergency room. Dr. O'Connor agreed, however that some concussion symptoms, such as trouble sleeping, could develop later.

On May 20, 2014, the trial court found defendant guilty of all three counts as charged and found true the special allegations. Immediately following the verdict, the court sentenced defendant to a total prison term of nine years, consisting of the low term of three years as to count 1, doubled as a second strike, plus three years for the great bodily injury enhancement. The sentence as to count 2 was stayed under section 654. The court imposed one year in jail for count 3, to be served consecutively, with credit of a total of 365 days (183 actual days plus 182 days of conduct credit). The court then awarded 189 days of custody credit toward the prison sentence on count 1, consisting of 165 days actual custody credits and 24 days of conduct credits earned at the rate of 15 percent pursuant to section 2933.1. Defendant filed a timely notice of appeal from the judgment.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

3